REQUESTED BY: John E. Knight, Director Department of Public Welfare.
Do the counties have an obligation to pay the administrative costs specified in the State Plan and Manual.
Yes.
The role of the Director of the Department is to administer the Department as provided by law as is set out in68-703 R.R.S. 1943, but this duty entails supervision of County Divisions which are directed to administer the categorical assistance programs. (See 68-1001, 43-501 to43-527). As to these programs there must be a mutual understanding of the joint efforts of the State and the counties and also the separate duties of each. In most situations their interests are common. In a few situations their interests can be adverse. This common interest is a result of their mutual activity of effecting the categorical assistance programs pursuant to Nebraska statutes and federal enactment. Presently under the Medicaid program the county pays 20%, the federal government pays 53.46% with the State paying the remaining 26.54%. As to payments made under the AFDC program the counties do not participate in the financing, but there is the same cooperative joint efforts.
In the case of AFSCME, AFL-CIO v. County ofLancaster, the Supreme Court of Nebraska held that the State Department of Public Welfare, which provides 98% of the county salary funding was a joint employer with the county divisions for the purpose of collecting bargaining. As the court recognized in the are of employment this joint interest extends to other areas of administering assistance. However, there are areas where their interests are separate and the funding is separate.
The State does not participate in the general relief program nor the program for county wards (68-103 to 128) or care of the indigent. Also certain areas of local administration and employment benefits are left to the option of the counties. In view of these separate responsibilities, it has been necessary to provide for separate allocation of certain county administrative cost where there is federal participation to the extent of approximately 60%. VI-3230
of the State Plan and Manual provides that all administrative costs of public assistance programs are paid from State and federal funds, except specified items which are federal and county participating, namely, office quarters, office repair, maintenance or remodeling, custodial expense, workmen's compensation, unemployment insurance, employers share of retirement plans, and employers group insurance.
VI-3230 of the State Plan and Manual which requires payment by the counties was properly promulgated. A validly adopted administrative rule becomes part of the statutes under which it is adopted, and has the force and effect of law. The implementing statutes provide that the county shall administer the assistance programs in addition to the programs in which the State does not participate. 68-703(3) provides that the Director shall establish rules and regulations for efficiently administering the Department. The purpose of the regulation (VI-3230) is to specify certain costs which, if paid by the county result in a reasonable allocation of the total cost of administration. The State and federal government pays approximately 98% of the salaries of the staff of the county divisions and all but about 7 to 10% of other administrative costs.
It is our opinion that the regulation specifying certain items of administrative cost to be paid by the county and federal government is rationally based and results in a reasonable allocation. It accounts for their separate areas of interest and also provides that the county will fund optional areas of administration that are particularly within their autonomy. For instance, a county can lease or build an office choosing the location, or use the court house. It has the same options as to office repair, maintenance, remodeling, and custodial expense. As to Workmen's Compensation and unemployment insurance, the county division can contribute or be self-insured. The counties have the option as whether they will have a retirement and group insurance, and they can decide on the type of plan and what company will administer it. In other words, all of the administrative cost items set out in the regulation are reasonably related to proper cost allocation.
It is our opinion, therefore, that VI-3230 is rationally based, is a valid rule and that the counties do have the responsibility to pay those costs set out in the regulation.